JOSEPH S. ORAM v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

Submitted July 10, 1899—Decided November 13, 1899.

1. By the provisions of the act entitled "An act appointing commissioners of streets and sewers in the city of New Brunswick," approved March 23d, 1871 (*Pamph. L., p.* 795), each of the commissioners ap-

pointed or elected under the act was entitled to an annual salary of $1,500, to be paid as other expenses under the act were paid. Other expenses under the act could be paid by the commissioners by the issue of bonds which were expressly made obligations of the city of New Brunswick. *Held*, that the provision for the payment of salaries was not altered or repealed by the supplement to the above-cited act approved April 11th, 1876 (*Pamph. L.*, p. 496), because that supplement was a special and local law regulating the internal affairs of the city and was within the prohibition of the amended constitution.

2. The act entitled "An act concerning the construction, care and improvement of public highways, parks and sewers in certain of the cities of this state, and assessments for the same," passed February 14th, 1888 (*Gen. Stat.*, p. 640), was adopted April 10th, 1888, by the city of New Brunswick, and thereby the commissioners under the first-cited act were deprived of their offices and of the power to raise money to pay unpaid salaries by the issue of bonds. *Held*, that by this legislation there was imposed upon the city of New Brunswick a liability to pay such unpaid salaries.

3. The acceptance of a smaller amount than the officer was entitled to as salary, if accompanied with protest that he was entitled to the lawful amount, will not estop him from an action for the difference.

On demurrer.

The declaration in this case contains a special count and a common count.

The special count sets out plaintiff's election as one of the commissioners of streets and sewers under the provisions of the act entitled "An act appointing commissioners of streets and sewers in the city of New Brunswick," approved March 23d, 1871 (*Pamph. L.*, p. 795), for the term of five years, viz., from May 1st, 1881, to May 1st, 1886, and his service in such office during that term. It avers that by the provisions of that act he was entitled to an annual salary of $1,500, of which he received but $1,000 in each year of such term. It further avers that the provisions of the act entitled "An act concerning the construction, care and improvement of the public ways, parks and sewers in certain of the cities of this state, and assessments for the same," passed February 14th, 1888 (*Gen. Stat.*, p. 640), were on April 10th, 1888, accepted and made operative within the city of New Brunswick, and

thereby the commissioners, under the act of 1871, were abolished and the control of streets and sewers was vested in the defendant, the city of New Brunswick, and the assessments theretofore laid by the said commissioners and then due and unpaid were transferred to such city. It thereupon asserts a liability on the part of the defendant to pay to him the unpaid balance of his salary for each of the five years of his term.

Defendant interposed a demurrer to this count.

Defendant also pleaded to the common count, the general issue and statute of limitations.

Plaintiff demurred to the plea of the statute of limitations. The demurrers were argued together.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Robert Adrain* and *George S. Silzer*.

For the defendant, *Willard P. Voorhees* and *Frederick Weigel*.

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. By section 29 of the act entitled "An act appointing commissioners of streets and sewers in the city of New Brunswick," approved March 23d, 1871 (*Pamph. L., p.* 795), it was provided that each of the commissioners appointed or elected under the act should receive $1,500 per annum for their services, to be paid as other expenses under said act.

By section 25 power was given to the commissioners to issue bonds binding the city of New Brunswick for the payment of costs and expenses of the various improvements and works authorized by the act "and all other expenses incident thereto." No mode of raising money to pay the salaries of commissioners other than by the issuing of bonds appears to be provided for in the act, unless the commissioners were empowered by section 26 to use the interest upon investments of moneys paid upon their assessments, which investments

were intended to provide a fund for the payment of the bonds which had been issued by them. As the bonds so issued were binding on the city of New Brunswick, the provisions of either section created an indirect obligation upon it which the legislature might turn into an express obligation by express legislation, or indirectly by legislation abolishing the municipal agent and not providing for what has been or might be done under his authority. *Scaine* v. *Belleville,* 10 *Vroom* 526.

The constitutional validity of the act entitled "An act concerning the construction, care and improvement of public highways, parks and sewers in certain of the cities of this state, and assessments for the same," passed February 14th, 1888 (*Gen. Stat., p.* 640), and its application to the city of New Brunswick, has been established in this court. *Warner* v. *Hoagland,* 22 *Vroom* 62.

Applying the principle established in *Scaine* v. *Belleville, ubi supra,* to the situation created by this legislation, I do not think it is open to doubt that by the abolition of the commissioners and the consequent deprivation of their power to satisfy the claim of the plaintiff under the provisions of section 25 or section 26 of the act of 1871, there was inferentially imposed upon the city of New Brunswick a liability to respond to plaintiff's claim.

This conclusion disposes of the main ground upon which the demurrer to the special count has been supported.

But it is also contended that the salary or compensation of plaintiff for his official service, which by the original act of 1871 had been fixed at $1,500 per annum, had been, prior to his term, reduced to the sum of $1,000 per annum. This result is claimed to have been produced by a supplement to the act of 1871, approved April 11th, 1876. *Pamph. L., p.* 490. By section 9 of that supplement it was enacted that for the service performed by the commissioners they should thereafter each receive the sum of $1,000 per annum. The supplement was therein declared to be a public act, and we must take judicial notice of it.

But this supplement was enacted after the amended constitution had expressly forbidden special or local legislation regulating the internal affairs of municipalities. Legislative acts affecting salaries which must be raised by taxation in municipalities do regulate their internal affairs. *Freeholders* v. *Stevenson,* 17 *Vroom* 173. The supplement thus relied on was plainly a special and local act affecting the city of New Brunswick alone in so far as it undertook to regulate the salaries of the commissioners. It therefore fell within the express prohibition of the amended constitution, and its provision in that respect had no constitutional validity.

It followed that the commissioners could have ignored the provision in question and could have claimed and paid themselves the annual salary fixed by the original act of 1871.

The declaration avers that the plaintiff's claim was not then satisfied, and it only remains to consider whether the liability of the city of New Brunswick for it has been otherwise discharged.

It is contended that plaintiff's claim is barred by the statute of limitations. This question is not presented by the demurrer to the special count in the declaration, although in its averment it appears that plaintiff's claim arose more than six years prior to the commencing of the action. It is settled that in actions at law the defence of the statute of limitations must be made by plea, and that a demurrer under these circumstances will not lie. The question seems to be supposed to be raised by the demurrer to the plea of the statute of limitations. This is evidently incorrect because that plea is limited to the common counts and does not apply to the special count, which alone discloses the nature of plaintiff's claim.

As the question was argued it is deemed not improper to point out that the statute of limitations does not apply to actions arising on obligations imposed by legislation. *Cowenhoven* v. *Freeholders,* 15 *Vroom* 232; *Morris* v. *Ocean Township,* 32 *Id.* 12.

It is lastly contended that plaintiff is estopped from main-

taining his action by his conduct in accepting the reduced salary during each year of his term. That he did so is averred in the special count of his declaration. It does not appear, nor am I able to perceive how it could be inferred from the facts stated in his action, that the city of New Brunswick has been induced by plaintiff's conduct in that respect to alter its position to its injury. The declaration expressly avers that plaintiff, on receiving a reduced salary, protested that he was entitled to the salary fixed by the original act. If the essential element of such an estoppel exists it may be presented, perhaps, by a plea setting up the facts.

The result is that the demurrer to the special count of the declaration must be overruled.

The demurrer to the plea of the statute of limitations must also be overruled because it is interposed to the common count, and it does not appear that it is not a proper answer to such claim as might be made under them.